City of Columbus vs. Grey.

CASE 98—PETITION EQUITY—NOVEMBER 26.

# City of Columbus vs. Grey.

APPEAL FROM HICKMAN CIRCUIT COURT.

1. The application for the establishment of Kentucky City, and grants and conveyances to the Mobile and Ohio Railroad Company, did not have the effect to divest or deprive B. E. Grey, the owner and proprietor, of wharfage privileges; as upon the map of the town, made and exhibited, these privileges are expressly reserved.

2. The proprietor of wharf privileges on the bank of a river must build wharves, improve the shore, or make some preparation for the reception and delivery of goods, or the accommodation of vessels, before he can claim or collect tolls or wharfage.

3. If the proprietor or owner permits the town or city authorities to improve the wharves, &c., and collect tolls and wharfage, he will only be entitled to reasonable compensation for the use of the river bank; and his recovery will be limited to five years next preceding the commencement of his suit, if the statute is plead and relied on in the defense.

E. I. BULLOCK,                    For Appellant,
CITED—

*Act, page* 501, *Session Acts* 1859–60, *vol.* 1.

8 *Dana,* 50 ; *Kennedy's heirs vs. Trustees of Covington.*

4 *Johnson,* 81 ; *Thompson vs. Gregory.*

2 *Wendell,* 517 ; *Provost vs. Calder.*

11 *Wendell,* 35 ; *Dygert vs. Matthews.*

CROSSLAND and STITES & BULLITT,          For Appellee,
CITED—

8 *B. Mon.,* 232 ; *Rowan's ex'rs vs. Portland.*

16 *B. Mon.,* 803 *to* 807 ; *Newport vs. Taylor's ex'rs.*

*Revised Statutes, chap.* 39, *sec.* 4.

8 *Dana,* 50 ; *Kennedy's heirs vs. Covington.*

City of Columbus vs. Grey.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Neither the statements made by appellee in the written application by him to the Hickman county court for the establishment of Kentucky City, nor any grants or covenants in his deed to the Mobile and Ohio Railroad Company, had the effect to divest or deprive him, as owner and proprietor, of wharfage privileges.

He certainly did not, by express grant, divest himself of those privileges; and upon the map of the town, which was made and exhibited to those, doubtless, who purchased lots, these privileges are expressly reserved, and no one who would examine said map could be deceived as to the rights and privileges retained by appellee.

But, notwithstanding the right was reserved by appellee, it does not appear that he had built wharves, improved the shore, or had made any preparations for the reception or delivery of goods, or the accommodation of vessels. And, therefore, it does not appear that he was entitled to the tolls and wharfage collected by appellant from steamboats or other vessels landing at the shore, or at wharf-boats attached to the banks. He is legally entitled to a fair remuneration for the use and occupation of the banks, if they were converted into wharves by the appellant, and used by it for that purpose; and cannot extend his recovery beyond five years before the institution of his action. If the city is to be regarded as holding the banks of the river, &c., in trust for appellee, it is nothing more than an implied trust, and the statute would apply, and it is relied upon in the amended answer. The case should be referred to the master to ascertain by proof and report to the court by whom the wharves were built, and the shores were improved and prepared for the reception and delivery of goods, &c., and the landing of vessels; and either party should be

permitted to amend the pleading, if an offer should be made to do so.

Wherefore, the judgment is *reversed*, and the cause remanded for further proceedings consistent with this opinion.