CITY OF COLUMBUS *v.* BEN E. GRAY.

Improvements of Wharf—Municipal Corporations.
> Improvements to wharf by others than the city, will enure to the benefit of the owners of the wharf privileges.

Municipal Corporations—Collection of Wharfage.
> A municipal corporation cannot collect wharfage privileges, for use of a wharf, which was built by private parties, it being held to enure to the benefit of the owners of the wharf privileges.

APPEAL FROM HICKMAN CIRCUIT COURT.

April 20, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

This court decided, in its former opinion in this case (*2 Bush, 476*) that the appellee, notwithstanding his application for the establishment of Kentucky City, and deed to the Mobile and Ohio Railroad Company, was still the owner of the unassessed privileges in front of Kentucky City, now part of the city of Columbus. But by said decision the extent of his rights of necessity against the appellant, the city of Columbus, was made to depend on inquiry into the improvements and expenditures, if any, made by the city, as contributory to the collection of the funds in controversy.

On the return of the cause it was alleged in an amended petition filed by the plaintiffs that the city had expended nothing in preparing or improving the wharf, but that such improvements as were made, were made by either the agents of the plaintiffs, or Federal soldiers, during their occupation of Columbus, and enured to the benefit of the plaintiffs.

The cause was referred to a commissioner, in accordance with a sugegstion of this court in its former opinion, and the commissioner, after taking the testimony of several witnesses, reported that such improvements as were made on said wharf prior to the 31st of January, 1867, were made by the Federal soldiers and by others than the city of Columbus, and that prior to said 31st day of January, 1867, no money was ever expended by the city in the

erection of wharves and the improvement of the locks of the river for the reception and delivery of goods, and the landing of vessels in Kentucky City, and the commissioner further reported that during the five years next preceding said date, the city of Columbus had collected for the use of the privileges of said Kentucky City wharf $1,622.69.

The court adjudged that the plaintiff recover of the city said sum of $1,622.69.

And the mayor and council of the city of Columbus being, at the plaintiff's instance, proceeded against for a contempt of court in violating the plaintiff's injunction, by collecting money for wharf privileges after the 31st of January, 1867, disclosed by an answer filed by the mayor that the city was indebted to the plaintiff for wharfage collected from the granting of the injunction till the 1st of December, 1867, in the sum of $1,204.00, and the court ordered said sum also to be paid over to the plaintiff.

The city of Columbus seeks a reversal of both of said judgments on this appeal.

We perceive no available objection to either judgments complained of.

Although the improvements were made on the wharf by soldiers, and others than either Gray or the city, yet they inured to the benefit of Gray, and as they cost the city nothing, it was entitled to no credit or allotment on that account. Nor does it seem that the court erred in ordering the sum of $1,204 disclosed by the mayor's response to be paid over to Gray. This judgment was proper, not as a punishment for contempt, but because the facts disclosed showed that the appellee was entitled to the money.

Wherefore, said judgments are *affirmed.*

*Lindsay, Bullock,* for appellant.

*Bullitt, Crossland, Gilbert,* for appellee.